**UNITED STATES v. HONOLULU RAPID TRANSIT CO., Limited.**

Civ. No. 937.

United States District Court
D. Honolulu, Hawaii, First Division.

Jan. 28, 1952.

Howard K. Hoddick, Acting U. S. Atty., District of Hawaii, Honolulu, T. H., Winston C. Ingman, Asst. U. S. Atty., District of Hawaii, Honolulu, T. H., for plaintiff.

Robertson, Castle & Anthony, Honolulu, T. H., Thomas M. Waddoups, Honolulu, T. H., of counsel, for defendant.

METZGER, Chief Judge.

The evidence in this case convinces me beyond question that the operator of the Honolulu Rapid Transit Company, Limited, bus was driving the conveyance at an excessive speed and in a reckless, inattentive manner, so much so that some of the passengers were frightened and apprehensive that danger was impending.

I can see no negligent fault on the part of the driver of the Navy truck drawing the trailer. The Navy tractor and trailer were in a position in the boulevard which made their situation clearly visible to the bus driver for a distance of 300 to 400 feet from the place of collision, had he been reasonably attentive to his responsibilities. The Navy tractor drawing the trailer had entered into the intersection when the bus was several hundred feet distant, after the driver had stopped and looked for on-coming traffic. The length of the tractor and trailer combination, hitched together, was approximately 50 feet, which was about the width of the right-hand (northern) traffic strip (in which the bus was traveling) together with the width of the medial strip separating the right and left traffic strips. The traffic opening through the medial strip, connecting the right and left strips of the boulevard was about 32 feet.

The tractor and trailer were moving at slow speed in approaching a left-hand turn into the southern traffic strip and was struck by the bus upon the rear of the tractor and front end of the trailer, with such force as to disconnect the tractor and shunt it across the southern traffic strip, turning its front end toward the north.

The extent of injury to the Navy outfit and the money damage suffered by the plaintiff is the problem in the case.

There is no evidence that either the tractor or the trailer were ever repaired of their injuries. Neither is there any evidence of the value of this outfit before or at the time of the collision, nor of the value after the occurrence.

An estimate was made by an experienced estimator in the employ of the Navy, Lt. (j. g.) J. L. Emory, and put in evidence. This estimate details numerous items of materials and work assumed to be required to put the outfit in supposedly good, or possibly only normal, working condition, including such items as new rear end, $200,

and installing the same, $75. Also, two wheels, $18 and two tires, $130, $75 for top material and $75 for installing top for the "cattlewagon" trailer, with a number of other items for labor and material, all of which makes an estimated sum of over $1,100.

From all the evidence as to damages a jury might have been able to guess and agree on a fair allowance for damages, possibly accepting the Lieutenant's estimate.

I cannot accept the estimate, although parts of it seem reasonable. Lt. Emory was not available as a witness. Evidence is lacking to support his opinion as to various matters. These vehicles were old and had been much usage. Under repair would he have put them in better condition than they were before suffering injury from the collision? Was a new rear end necessary, and would its installation not have made the tractor as good as new in that particular? The same inquiry might be made as to wheels and tires, top and some other items. Were all of the repairs recommended and listed caused by the collision or did some of the defects already exist?

The Plaintiff put in evidence nine excellent photographs taken by the Navy Photo Service within a reasonably short time after the collision, four of them showing the scene and four the interior and exterior of the injured trailer, and one showing the injured front end of the bus after impact. For some unexplained reason, no photograph is shown of the Navy tractor or its injuries. It was explained that the tractor shown attached to the trailer in the four pictures submitted was a comparatively new Navy tractor in good condition.

█ The court is acquainted with many varying cases dealing with the matter of damages for injuries to property where it is beyond dispute that substantial injury was inflicted, but the true extent of damages could not be definitely ascertained. This is a case where the extent of damages was not certainly ascertained through the failure of the plaintiff to take proper action to do so, possibly believing that a settlement would be reached without litigation.

Certainly the Navy did not provide the prosecution with all necessary facts to make its case as prayed for.

As the situation stands, the Court's duty is to allow such damages as are reasonably conceivable from the evidence and would be adequate and fair, and no more.

█ I have viewed the site and carefully examined everything except the injured vehicles, which I have not seen, other than the photographs of the injured trailer. I allow the plaintiff for damages the sum of $400.

Plaintiff will prepare Findings.